United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAFARI, ET AL., *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-06297 |
| | § | |
| MARCO RUBIO, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, ET AL., *Defendants*. | § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss.[1] ECF 11. Defendants seek dismissal for lack of subject matter jurisdiction and failure to state a claim.[2] For the reasons discussed below, the Court RECOMMENDS Defendants' Motion (ECF 11) be GRANTED and Plaintiffs' claims be DISMISSED WITHOUT PREJUDICE.

## I. Factual and Procedural Background.

Plaintiff Ellgar Jafari ("Ellgar"), a U.S. citizen, filed an I-130 Petition for Alien Relative on behalf of her mother[3] and her father, Plaintiff Yaghoub Jafari

[1] The District Judge referred this Motion to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 17.
[2] Because the Court determines that it lacks subject matter jurisdiction over the claims, the Court does not reach the motion under Rule 12(b)(6). *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (explaining that where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the jurisdictional attack first).
[3] Plaintiffs allege that mother's visa was approved. ECF 1 at 10.

Navimipour ("Yaghoub"), an Iranian national. ECF 1 at 3, 10. United States Citizenship and Immigration Services ("USCIS") approved the petition on July 31, 2023, and forwarded the parents' visa applications to the National Visa Center on September 1, 2023. *Id.* at 10. On June 20, 2024, Yaghoub was interviewed at the U.S Embassy in Yerevan, Armenia. *Id.* The consular officer refused Yaghoub's visa application immediately after his interview under 8 U.S.C. § 1201(g), because the officer determined that additional security screening was required. ECF 1 at 10; ECF 11-1 at 1.

After the interview, the Embassy emailed Yaghoub requesting additional information (ECF 1-3 at 1-3), which Plaintiff provided the next day. *Id.* at 3-7. On June 22, 2024, the Embassy confirmed receipt and informed Yaghoub that his administrative processing had begun and that he would be notified via email once it was complete. *Id.* at 7. In March 2025, Ellgar emailed the U.S. Embassy in Yerevan requesting an update on her father's case but received no response. ECF 1 at 11. Yaghoub has not received any additional updates, and his case remains in administrative processing. ECF 11-1 at 1.

Plaintiffs subsequently brought this this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(1), 706(2), and the Mandamus Act, 28 U.S.C. § 1361, to compel Defendants to adjudicate Yaghoub's immigrant visa

application, which Plaintiffs claim has been in administrative processing since June 20, 2024. ECF 1 at 17-18.

Defendants filed a Motion to Dismiss. ECF 11. Plaintiffs filed a Response (ECF 14) and a Notice of Supplemental Authority. ECF 15. Defendants filed a Reply. ECF 16. The Motion is ripe for adjudication.

## II. Legal Standards.

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

## III. Analysis.

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (cleaned up). The justiciability doctrine of standing originates from Article III's case and controversy language.[4] *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012). The "irreducible constitutional minimum" requirements for standing are: (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) the injury likely will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Where a plaintiff has already received the relief sought

---

[4] The Parties address the live controversy problem as a mootness issue. ECF 11 at 12-14; ECF 14 at 13-17. Because the facts bearing upon the existence of a live controversy occurred prior to the filing of the lawsuit, the discussion should address standing rather than mootness. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (explaining that standing addresses the existence of a personal stake in a live controversy prior to commencement of the case, while mootness addresses its existence throughout the litigation and intervening circumstances). The distinction is important because the burden of establishing standing lies with plaintiffs, whereas the burden of establishing mootness is on the moving party—here, the Defendants. *See W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022) (describing the conflation of mootness and standing as a "basic flaw" that flips the burden of establishing the existence of a live controversy). The *Martinez v. Baumann* decision from the Western District of Texas noted most courts in this Circuit have addressed these facts as a mootness issue but instead reframed the parties' mootness arguments in terms of standing. *See Martinez v. Baumann*, 796 F. Supp. 3d 337, 347–48 (W.D. Tex. 2025) (explaining that jurisdictional analysis was essentially the same under the mootness and standing doctrines under these facts). To ensure the burden of establishing jurisdiction is properly placed on Plaintiffs under these facts, the Court will analyze the issue as one of standing, even though the result would be the same under the mootness doctrine.

prior to filing his or her action, the plaintiff lacks a redressable injury for standing purposes. *See, e.g.*, *Strojnik v. Landry's Inc.*, No. 4:19-CV-01170, 2019 WL 7461681, at *3–4 (S.D. Tex. Dec. 9, 2019), *report and recommendation adopted*, No. 4:19-CV-1170, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020); *Demedeiros v. Berryhill*, No. 3:17-CV-3118-K (BH), 2019 WL 1930003, at *4 (N.D. Tex. Mar. 30, 2019), *report and recommendation adopted,* No. 3:17-CV-3118-K, 2019 WL 1923915 (N.D. Tex. Apr. 29, 2019).

Plaintiffs' claims brought under the Mandamus Act (ECF 1 at 14-15), 28 U.S.C. § 1361, and the APA (ECF 1 at 15-16), 5 U.S.C. §§ 706(1), 706(2), seek to compel adjudication of Yaghoub's immigrant visa. ECF 1 at 2. Defendant argues Plaintiffs lack standing because even before this suit was filed, the consular officer had adjudicated Yaghoub's visa application under 8 U.S.C. § 1201(g) by denying the visa application.[5] ECF 11 at 12-14. Plaintiffs, however, argue that a § 1201(g) refusal, often referred by its Immigration and Nationality Act cite as a § 221(g) refusal, is not a final adjudication. ECF 14 at 13-15. Plaintiffs also argue the alleged

---

[5] Section 1201(g) provides in relevant part:

> No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law[.]

8 U.S.C.§ 1201(g).

ongoing security screening distinguishes this case from others where a § 1201(g) refusal was deemed a final agency adjudication. ECF 14 at 15-17.

Although the Fifth Circuit has not addressed whether a § 1201(g) refusal constitutes a final agency adjudication, "the 'complete consensus among the federal courts in Texas on this issue' is that denial of a visa application pursuant to § 1201(g) fulfills the government's duty to adjudicate the application and renders claims such as Plaintiffs' moot." *Kulagin v. Blinken*, No. A-24-CV-00953-ADA, 2025 WL 1231897, at *2 (W.D. Tex. Apr. 28, 2025) (quoting *Khaleel v. U.S. Dep't of State*, No. H-24-2970, 2025 WL 777082, at *2 (S.D. Tex. Mar. 11, 2025)) (dismissing as moot plaintiffs' APA and Mandamus Act claims seeking adjudication of their visas, which were refused under § 1201(g) but remained in administrative processing). *See also, e.g.*, *Bamdad v. U.S. Dep't of State*, No. 1:23-CV-757-DAE, 2024 WL 1462948, at *2–3 (W.D. Tex. Feb. 9, 2024) (finding § 1201(g) refusal rendered claims moot despite ongoing administrative processing); *Pegah Z. v. Blinken*, No. 4:24-CV-00529, 2025 WL 629343, at *3–4 (S.D. Tex. Feb. 4, 2025) (collecting cases and surveying district court decisions in this Circuit); *Mazher v. Rubio*, No. 4:25-CV-017-P, 2025 WL 2471789, at *5 (N.D. Tex. Aug. 11, 2025), *report and recommendation adopted,* No. 4:25-CV-00017-P, 2025 WL 2468205 (N.D. Tex. Aug. 27, 2025); *Frankford Vapor Inc. v. Rubio*, No. 4:25-CV-45, 2026 WL 265253, at *4–5 (E.D. Tex. Feb. 2, 2026). Circuit Courts addressing the issue have agreed.

*See Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *4 (D.C. Cir. July 24, 2024) (finding that a § 1201(g) refusal was a final adjudication of a visa application that precluded mandamus relief); *Hussein v. Beecroft*, 782 F. App'x 437, 441–42 (6th Cir. 2019) (finding § 1201(g) refusal constituted a final adjudication that mooted plaintiff's mandamus claim).

Plaintiff's allegations mirror those in decisions holding a § 1201(g) refusal constitutes a final agency adjudication. In *Hamadneh v. Rubio*, the Northern District of Texas found a § 1201(g) refusal was a final agency action, and thus no live controversy supported plaintiffs' APA claims, even though plaintiffs alleged further administrative processing was ongoing. *Hamadneh v. Rubio*, No. 3:26-CV-202-S-BW, 2026 WL 2164711, at *3 (N.D. Tex. June 16, 2026), *report and recommendation adopted,* No. 3:26-CV-0202-S-BW, 2026 WL 2162483 (N.D. Tex. July 24, 2026). The court explained that despite the allegations of further processing, "[t]he mere possibility that the application might be reconsidered at a later date does not change the finality of [the § 1201(g)] decision." *Id.* Courts in this District and the Eastern District have concluded that continued administrative processing after a refusal does not affect the final nature of a § 1201(g) adjudication. *See Pegah Z.*, 2025 WL 629343, at *4 ("The possibility of reconsideration during further administrative processing is immaterial, when no statute, regulation, or other source imposes a duty to reconsider it."); *Frankford Vapor Inc.*, 2026 WL 265253, at *5

(holding defendants' refusal under § 1201(g) was a final adjudication even though the applications remained in administrative processing).

The parties agree that on June 20, 2024, a consular officer refused Yaghoub's visa application under § 1201(g). ECF 11-1; ECF 14 at 9. The parties also agree that since at least June 22, 2024, the application has been undergoing additional administrative processing. ECF 1-3; ECF 11-1. On December 26, 2025, Plaintiffs filed this action seeking to compel adjudication of the visa application through APA and Mandamus Act claims. ECF 1. A final adjudication of the visa application (the § 1201(g) refusal) occurred prior to the filing of the Complaint, eliminating this Court's ability to provide Plaintiffs with the requested relief. Therefore, Plaintiffs cannot establish redressability as required to demonstrate standing, and the Court should dismiss the claims for lack of jurisdiction.

## IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 11) be GRANTED and Plaintiffs' claims be DISMISSED WITHOUT PREJUDICE due to lack of jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 26, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge